RUTH M. FITZPATRICK, an Infant, etc., Plaintiff, *v.* MINNIE HON-NELL and Another, Defendants.

Supreme Court, Rockland County, October 7, 1931.

*Morton Lexow* [*Alton W. Teale* of counsel], for the plaintiff.

*Natalie F. Couch,* for the defendant Cervieri.

*William E. Lowther,* for the defendant Honnell.

TAYLOR, J. There is no valid reason for a reargument of plaintiff's motion heretofore denied for an examination before trial; and in that phase I deny the motion. In its other phase the motion is renewed now (See my memorandum of September 28, 1931, 142 Misc. 101) upon notice to one defendant and waiver of notice by the other defendant. I am of opinion and decide that under the broad and liberal provisions of section 288 of the Civil Practice Act, the plaintiff may take the testimony of "any other party" (and, therefore, of the defendant Cervieri), which testimony is "material and necessary" in the prosecution of the action; and, therefore, may examine the defendant Cervieri, who admits the negligence of her codefendant Honnell upon that subject, in view of the fact that the latter defendant controverts the plaintiff's allegations of Honnell's negligence. Therefore, I grant the renewed motion, but only to the extent of directing the examination upon the following as subjects of inquiry:

All the relevant and competent facts and circumstances relating

1. To the collision of the automobile of the defendant Cervieri with that of the defendant Honnell, as alleged in paragraphs V, VII, and VIII of the complaint.

2. To the manner of operation of the defendant Cervieri's automobile by her; to said defendant's failure to have it under control and to have it equipped with proper brakes and proper lights; to

her failure to keep a proper lookout; to her driving of said automobile to and upon a certain street intersection when the automobile of the other defendant was crossing the same; to the resulting collision between said cars — all as alleged in paragraph VI of the complaint.

3. To the manner of operation of the defendant Honnell's automobile by her; to its being driven to and upon said street intersection at a time when the car of the defendant Cervieri was about to enter the same; to the failure of the said defendant Honnell's agent or servant to have said automobile under proper control and equipped with proper brakes and lights; to said agent's and servant's failure to keep a proper lookout — all as alleged in paragraph VIII of the complaint.

Ordered as indicated. No costs. Settle order on notice before me at Mount Vernon.